IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LARRY RAY MITCHELL, )
)
              Petitioner, )
)
     v. )     1:15CV546
)
S. MITCHELL, et al., )
)
              Respondent. )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, submitted a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody, together with an application to proceed *in forma pauperis*. For the following reasons, the Petition cannot be further processed.

1. Petitioner indicates that state court remedies have not been exhausted as required by 28 U.S.C. § 2254(b). This Court cannot grant relief unless state court remedies have been exhausted. Id. In North Carolina, a petitioner may satisfy the exhaustion requirement of § 2254 by raising his claim(s) in a direct appeal of his conviction and/or sentence to the North Carolina Court of Appeals followed by a petition to the Supreme Court of North Carolina for discretionary review, or by raising his claims in a Motion for Appropriate Relief ("MAR") and petitioning the North Carolina Court of Appeals for a writ of certiorari if the MAR is denied. See Lassiter v. Lewis, No. 5:11HC2082D, 2012 WL 1965434, at *4-5 (E.D.N.C. May 31, 2012) (unpublished) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999), and N.C. Gen. Stat. §§ 7A–31, 15A–1422). Petitioner must exhaust his state court remedies before this Court can consider granting habeas relief.

2. Petitioner does not appear to state any viable claim for relief. His claims are somewhat confused and rambling, but all rely on the fact that he alleges that he is a Moorish American National, sovereign citizen, and/or aboriginal. Courts routinely reject such claims. See, e.g., Pitt-Bey v.

District of Columbia, 942 A.2d 1132, 1136 (D.C. 2008); Albert Fitzgerald Brockman-El v. N.C. Dept. of Corr., No. 1:09CV633, Docket Nos. 2, 6, 7 (M.D.N.C. 2009), appeal dismissed, 373 F. App'x 332 (4th Cir. 2010). A person's alleged nationality or ethnicity does not somehow absolve that person of criminal responsibility.

Because of these pleading failures, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted. To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

IT IS RECOMMENDED that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition.

This, the 16th day of September, 2015.

    /s/ Joi Elizabeth Peake
United States Magistrate Judge